(C. D. 83)

OTTO SCHMIDT WINE CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided January 23, 1939)

*G. W. R. Wallace; Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.

*Joseph R. Jackson*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been paid in excess of the amount due upon importations of whisky in barrels, imported from Cuba. Duty was assessed on the whisky at the rate of $5 per gallon under paragraph 802 of the Tariff Act of 1930, less 20 per centum under the Cuban Trade Agreement (T. D. 47232). In addition there was assessed an internal-revenue tax of $2 per gallon under the Liquor Taxing Act of 1934. It is claimed by the plaintiff that the whisky is dutiable at $2.50 per gallon under said paragraph 802, by virtue of the Canadian Trade Agreement of January 1, 1936 (T. D. 48033), less the 20 per centum reduction under the Cuban Trade Agreement.

The issue turns on a question of fact, that is, was the whisky imported in the two consolidated cases now before us aged in wood at least four years prior to importation. No question is raised as to the 20 per centum reduction under the Cuban Trade Agreement nor as to the internal-revenue assessment.

The terms of the Canadian Trade Agreement, *supra*, provide that the rates of duty therein set forth shall be applicable to "articles the growth, produce, or manufacture of all foreign countries." In T. D. 48035, 68 Treas. Dec. 813, instructions were given to collectors of customs and others by means of the publication of a letter by the President of the United States to the Secretary of the Treasury, in which it was set forth that the reduced rates provided for in the Canadian Trade Agreement were applicable to the products of Cuba when imported into the United States.

For convenience of reference we set forth the statutes and regulations involved as follows:

PAR. 802. Brandy, and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and

bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

## Canadian Trade Agreement, T. D. 48033, 68 Treas. Dec. 794,

\* \* \* The proclaimed duties and other import restrictions shall apply to articles the growth, produce, or manufacture of all foreign countries, whether imported directly, or indirectly. \* \* \*

The rate provided in said agreement is as follows:

802. Whiskey of all types and classes $2.50 per proof gal.

*Provided*, That this provision shall not apply to any whiskey consisting in whole or in any part of distilled spirits which have not been aged in wooden containers at least four years prior to the date the whiskey is entered, or withdrawn from warehouse, for consumption.

Article 451½ of the Customs Regulations of 1931, as amended by T. D. 48102, insofar as pertinent, states:

(b) Evidence that whiskey claimed to be entitled to entry at the reduced rate contains no distilled spirits which have not been aged in wooden containers at least four years prior to the date the whiskey is entered for consumption or withdrawn from warehouse for consumption shall be filed in connection with the entry. Such evidence shall be in the form of a certificate issued by a competent officer of the Government of the country in which the whiskey was aged in wooden containers, unless the collector of customs concerned is satisfied that such certificates are not authorized to be issued in such country, in which case the evidence may be in the form of affidavits of persons having personal knowledge of the facts.

The importer states his claim in his brief as follows:

Inasmuch as Par. 802 of the Canadian Trade Agreement does not provide for, or require, that entry of such whiskey should be made under regulations of the Treasury Department, it is apparent that whatever regulations the Secretary of the Treasury issued in this connection, do not have the force of law; and that they do not affect the determination of this case one way or another. In other words, the sole question presented by this case is whether the record shows that the plaintiff has established that the whiskey was aged in the wood at least four years.

In other words that such regulations, not being provided for in the trade agreement, are not mandatory and therefore that the importer may prove by competent evidence *aliunde* the facts required to entitle him to the reduced rate provided in said trade agreement. Undoubtedly this is a correct statement of the law. Nevertheless, under the general authority reposed in the Secretary of the Treasury by the Tariff Act of 1930 he did have the right to provide such regulations. However, that would not foreclose the importer from proving the fact if and when the same was challenged. This question would seem to be beside the issue here because both parties admit in their briefs that a certificate was filed. The language of the defendant's brief in that respect is as follows:

At the time of entry of the imported whiskey there was filed what purported to be a certificate signed by an officer of the Treasury of Cuba, which said cer-

tificate stated that the said whiskey had been aged in wood for five years (said certificate is attached to the official papers). The Customs officials, for reasons not appearing of record, rejected said certificate.

The importer's brief assumes to account for the rejection of the certificate by reference to a letter not introduced in evidence which he claims is in the file. It is our opinion such letter is not part of the evidence. We would question whether the certificate is part of the record (except for the fact that both sides admit that it was filed with the entry) in view of the statement of the Court of Customs and Patent Appeals in the case of *R. C. Williams & Co., Inc.* v. *United States*, C. A. D. 19, wherein it was held that a report of a United States storekeeper and a report of a Government inspector were not part of the evidence, not having been offered.

An examination of the certificate admitted to have been filed with the entry shows that it was signed by the president of the Mill Creek Distillery, Ltd., the inspector at the factory (in Cuba), and by an official of the Secretary of the Treasury. This certificate would appear to meet the requirements of the regulation above set forth inasmuch as it was issued by not one but two "competent officers of the country." We do not believe it was the intention of the regulation to require the importer to bring proof of the competency of these officials.

In any event, the importer produced testimony at the trial from a witness of long years of experience to the effect that the liquor in question had been aged in the wood more than four years before importation. This testimony was not rebutted and it is not for the court to say that the sworn statement of this witness is unworthy of belief.

It is our opinion that the importer's claim is well taken. It is therefore sustained.

Judgment will be rendered accordingly. It is so ordered.