(C. D. 375)

L. M. Cooke *v.* United States

United States Customs Court, Third Division

(Decided September 9, 1940)

Plaintiff not represented by counsel.

*Webster J. Oliver*, Assistant Attorney General, (*Dorothy C. Bennett*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Evans, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been paid in excess of the amount due as customs duties on certain cattle imported from Canada and entered September 1, 1937. The importation consisted of 6 cows and 2 calves. The collector of customs at the port of entry assessed duty on the cows at the rate of 3 cents per pound under the provisions of paragraph 701 of the Tariff Act of 1930, for cattle weighing 700 pounds or more each, and upon the calves at the rate of 2½ cents a pound. The plaintiff claims in his protest and amendment thereto, as we read the same, that assessment should have

been made at the rate of 1½ cents a pound by reason of the terms of the Canadian Trade Agreement (T. D. 48033).

At the hearing at the port of Boston, Mass., the importer appeared without counsel. From the record as made up of the papers transmitted to the court by the collector it appears that upon liquidation the customs officials assessed duty on the cows and calves at the rates above set forth, and that in said liquidation the lower rates granted by the Canadian Trade Agreement were not allowed because of the failure on the part of the importer to file a certificate at the time of entry as required by the customs regulations (T. D. 48057). The certificate was filed on September 19, 1938.

The attorney for the Government at the hearing moved to dismiss the protest on the ground that the required certificate was not filed at the time of entry, and that a certificate filed subsequent to the entry was not sufficient and did not contain the detailed information set forth in the Government regulation. The alternative ground for the Government's motion was stated to be that the reduction in duty under the trade agreement applied only to a certain number of head of cattle during the year, and the burden is on the importer to show that he had not exceeded the quota in bringing in these cattle.

The Canadian Trade Agreement provides a rate of 1½ cents a pound on

Cattle, weighing less than 175 pounds each

\*       \*       \*       \*       \*       \*       \*

Cows, weighing 700 pounds or more each and imported specially for dairy purposes.

According to the entry papers the calves here involved weighed 62 pounds and 165 pounds, respectively.

Said trade agreement further provides:

That none of the foregoing entered, or withdrawn from warehouse, for consumption in excess of the quantities respectively specified below in any calendar year after 1935 shall be subject to the above provisions:

Cattle, weighing less than 175 pounds each: ¼ of 1 per centum of the average annual total number of cattle (including calves) slaughtered in the United States during the calendar years 1928 to 1932, both inclusive, (51,933 head).

Cattle, weighing 700 pounds or more each and not specially provided for: ¾ of 1 per centum of the average annual total number of cattle (including calves) slaughtered in the United States during the calendar years 1928 to 1932, both inclusive, (155,799 head).

Cows, weighing 700 pounds or more each and imported specially for dairy purposes: 20,000 head.

Neither the trade agreement (T. D. 48033) nor paragraph 701, as it originally appeared in the Tariff Act of 1930, provides for regulations in connection with the entry of these cattle. Under such conditions the regulations promulgated by the Treasury Department under the general authority of the statute are not mandatory, and the importer

may prove his case by competent evidence before this court. See the decision in *Otto Schmidt Wine Co.* v. *United States*, 2 Cust. Ct. 42, C. D. 83.

On the question of the sufficiency of the certificate we find that one of the certificates states that the "cows consigned to me on the SS *Evangeline* from Yarmouth, N. S. Sept. 1, 1937 are imported solely for DAIRY PURPOSES."

The remaining certificate states:

This is to certify that 6 cows imported by me on the Am SS *Evangeline* arriving Sept. 1, 1937 from Yarmouth, N. S. for dairy purposes have been landed at my farm at Wallingford, Conn. and are to be used solely for dairy purposes.

The Customs Regulations of 1931, as amended by T. D. 48057, are as follows:

Art. 472½. *Cows for dairy purposes.*—(a) Canadian Trade Agreement (T. D. 48033), Schedule II, item 701:

\* \* \* \* \* \* \*

Cows, weighing 700 pounds or more each and imported specially
for dairy purposes_____ 1½¢ per lb.

*Provided,* That none of the foregoing entered, or withdrawn from warehouse, for consumption in excess of the quantities respectively specified below in any calendar year after 1935 shall be subject to the above provisions:

\* \* \* \* \* \* \*

Cows, weighing 700 pounds or more each and imported specially for dairy
purposes: 20,000 head.

(b) Claim for the reduced rate must be made at the time of entry. There shall be filed in connection with the entry an affidavit of the ultimate consignee, certifying that the animals were imported in good faith for dairy purposes, and that they have actually been delivered to a dairy, farm, or other place suitable for dairy operations, the address of which shall be stated. If the ultimate consignee is not the importer of record, the latter also shall file an affidavit executed by himself, certifying that the animals are being imported in good faith for dairy purposes.

(c) In the case of each animal claimed to be entitled to entry at the reduced rate of duty, the customs officer charged with its examination shall satisfy himself that the animal is suitable for dairy purposes.

(d) Regulations for administration of the tariff rate quota are to be found in article 848½ of these regulations.

Art. 848½. *Tariff rate quotas.*—(a) Under provisions of Schedule II of the Canadian Trade Agreement (T. D. 48033), reduced rates of duty are provided for the articles enumerated below, such reduced rates to apply only to the quantities respectively indicated:

\* \* \* \* \* \* \*

*Cattle, weighing less than 175 pounds each*—51,933 head in any calendar year after 1935.

*Cattle, weighing 700 pounds or more* each and not specially provided for— 155,799 head in any calendar year after 1935.

*Cows, weighing 700 pounds or more each and imported especially for dairy purposes* (see article 472½) —20,000 head in any calendar year after 1935.

\* \* \* \* \* \* \*

(c) Collectors of customs shall report to the Commissioner of Customs, Washington, D. C. (Attention Division of Statistics and Research), on Monday of each week for the week ending the previous Saturday, the entry number, date and port of entry, and quantity in respect of each importation of any commodity specified above which is the product of a country whose products are entitled to entry at the reduced duties. Whenever any tariff rate quota approaches fulfillment, special instructions will be issued by the Commissioner of Customs to require more frequent reports and, when appropriate, to require the deposit of estimated duties and import tax at the full rate pending the determination of the application of the reduced rate to particular importations.

The record indicates that the collector's reason for disallowing the claim for the rate granted under the Canadian Trade Agreement was the absence of the certificate at the time of entry. That certificate is now with the papers. As stated above, the regulations not being specifically provided for in the trade agreement amending paragraph 701, *supra*, are not mandatory, and therefore the importer may present proof before this court. We find the proof sufficient to show that these animals were within the terms of the trade agreement.

As to the sufficiency of the certificates now before the court we find that they certify that the animals were imported for dairy purposes and that they have been actually delivered to plaintiff's farm and are to be used solely for dairy purposes. We therefore find that they are sufficient in form.

In regard to the second ground for dismissal, we find nothing in the record to indicate that the collector required, nor does it appear that the regulations require, that the importer shall prove his importation did not exceed the quota. On the contrary, paragraph (c) of article 848½ above quoted indicates that this is a matter for determination by the customs authorities. However, as above stated, we find nowhere in the record an intimation that any such question was involved.

For the reasons above set forth we sustain plaintiff's claim that the cows and calves are properly dutiable at 1½ cents a pound under paragraph 701, *supra*, as modified by the Canadian Trade Agreement in effect at the time this entry was made.

Judgment will be rendered accordingly. It is so ordered.