**No. 45219.**—Protest 968224–G of Alliance Distributors, Inc. (New York).

KEEFE, Judge: In this suit the plaintiff seeks to recover certain customs duties alleged to have been illegally assessed by the collector at New York upon whisky imported from Cuba. The whisky was entered in December 1934 and placed in bonded warehouse. Upon withdrawal after January 1, 1936, it was assessed for duty at $5 per gallon under paragraph 802, Tariff Act of 1930, less a reduction of 20 percent under the Cuban Trade Agreement, T. D. 47232, and at $2 per gallon internal revenue tax. The plaintiff claims that the portion of whisky remaining in warehouse after January 1, 1936, is properly dutiable at $2.50 per gallon under the Canadian Trade Agreement, T. D. 48033, which became effective January 1, 1936, less 20 percent ad valorem under the Cuban Trade Agreement. There is no issue raised in this case as to the reduction of 20 percent under the Cuban Trade Agreement nor as to the assessment of the internal revenue tax of $2 per gallon. The only question presented is whether or not the whisky was actually aged in the wood for over 4 years entitling it to the benefits of the Canadian Trade Agreement.

At the trial the evidence established that the whisky in question was bottled in 1934 from whisky that had been aged in the wood since 1929; that the particular whisky was distilled and packed in barrels in 1929 and so marked in the presence of a Cuban government inspector, and one of the witnesses was present at the time of repacking, selecting the kegs, noting their age, and supervising the bottling. Another witness, an expert in whisky, testified that he had sold these particular whiskies and according to tests made personally by him he was of the opinion that they were over 4 years old before being bottled. An affidavit by the president of the distilling company, together with a translation thereof certifying as to the fact that the merchandise had been aged in the wood for over 4 years, which certificate was verified to by the inspector of the Cuban Government from his records, was admitted in evidence.

From the evidence adduced we are of the opinion that the particular merchandise in question consisted of distilled spirits which had been aged in wooden containers at least 4 years prior to the date of repacking in bottles.

In the case of *Otto Schmidt Wine Co.* v. *United States*, C. D. 83, 2 Cust. Ct. 42, and in the case of *Oldetyme Distillers, Inc.* v. *United States*, C. D. 184, 2 Cust. Ct. 487, certain whiskies, the product of Cuba, which were proved to have been aged in wood for 4 years prior to withdrawal from warehouse for consumption, were held entitled to duty under the provisions of paragraph 802, Tariff Act of 1930, as amended by the Canadian Trade Agreement and the Cuban Trade Agreement.

Judgment will therefore be rendered in favor of the plaintiff directing the collector to reliquidate the entry assessing duty upon the merchandise in question under the provisions of paragraph 802, Tariff Act of 1930, as amended by the Canadian Trade Agreement, at $2.50 per proof gallon, less 20 percent reduction in duty under the Cuban Trade Agreement, and to make refund of duty accordingly.