Before the Third Division

December 6, 1955

No. 59548.—Dulien Steel Products, Inc., of Calif. and W. J. Byrnes & Co., Inc. *v.* United States, protest 182769–K (Los Angeles).—

Johnson, Judge:   This is a protest against the collector's assessment of duty on merchandise, described as tractors, dump trailers, winches, hoists, booms, and metal shapers, at 15 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as machines, not specially provided for.   The merchandise is identified on the protest as items GN–YDL, GN–329, 329X, 329X, 329, 329X, 329, 329, 329, 329–6, 329X, 329–76, 329, and 329X.   It is claimed that said merchandise is entitled to entry free of duty because imported from Guam.   The collector's report gives as the basis of his action the failure to produce the certificate of origin, required by section 7.8 of the Customs Regulations of 1943.

Said section provides:

**7.8   Guam, Wake Island, Midway Islands, Kingman Reef, and American Samoa.**—(*a*)   Merchandise arriving in the United States from Guam, Wake Island, Midway Islands, Kingman Reef, or American Samoa shall be entered but shall be admitted free of duty if accompanied by a certificate of the chief customs officer at the port of shipment showing such merchandise to be the growth or product of those islands or actual importations into the islands.   Merchandise arriving from those islands for which no such certificate is furnished shall be subject to duty as if imported from a foreign country. * * *

At the trial, counsel for the plaintiffs stated that it was claimed that the articles were free of duty because imported from Guam.   He admitted that the certificate from the chief customs officer, required by the regulations, was not filed, but claimed that an arrival of goods from Guam is not an importation which subjects the merchandise to duty, and that the filing of a certificate was not a condition precedent to the relief sought.   Counsel concluded:

* * * Upon that statement and the papers, that is the entry, the invoice and the collector's letter, we rest.

Counsel for the Government then stated:

Mr. John C. Townsend, the Deputy Collector at the port of Los Angeles advised me that he is personally familiar with the facts in this case and he states that based on his knowledge of this particular case, the reason that free entry was denied was noncompliance with the Customs Regulations 7.8.   The defendant rests.

Mr. Tuttle:   I submit, and we ask 60 days after transcript within which to file a brief.

Miss Strum:   We submit and ask 60 days thereafter.

Plaintiffs claim that Guam is not a foreign country and that goods arriving from there are not subject to duty in view of section 1 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 and 60 Stat. 1352. Said section provides:

Section 1. That on and after the day following the passage of this Act, except as otherwise specially provided for in this Act, there shall be levied, collected, and paid upon all articles when imported from any foreign country into the United States or into any of its possessions (except the Virgin Islands, American Samoa, Wake Island, Midway Islands, Kingman Reef, and the Island of Guam) the rates of duty which are prescribed by the schedules and paragraphs of the dutiable list of this title, namely:

The term "foreign country" has been defined as one exclusively within the sovereignty of a foreign nation, and without the sovereignty of the United States. *De Lima* v. *Bidwell*, 182 U. S. 1, 180, and cases cited. In that case, it was held that the Island of Puerto Rico, after its cession to the United States by Spain, was no longer a "foreign country" within the meaning of the Tariff Act of 1897 providing for duties upon articles "imported from foreign countries." It was subsequently held, however, that legislation might be enacted imposing duties upon imports therefrom. *Downes* v. *Bidwill*, 182 U. S. 244.

In an opinion rendered by the Attorney General, dated November 6, 1913, quoted in T. D. 33898, it was stated that it had been determined that Guam and Tutuila were not "foreign countries" within the meaning of tariff statutes and that drawback on the exportation of articles manufactured or produced in the United States from imported materials could not apply to articles shipped to Guam or Tutuila. Subsequently, it was held in *John Rothschild & Co.* v. *United States*, 16 Ct. Cust. Appls. 442, T. D. 43190, that the provision in section 557 of the Tariff Act of 1922 that merchandise entered for warehouse might be withdrawn for exportation without the payment of duties did not apply to shipments to Guam; that, although Guam is not a part of the United States for certain tariff purposes, Congress did not intend to regard Guam as a foreign country in connection with the exportation provided for in section 557.

We conclude that Guam is not a foreign country within the meaning of section 1 of the Tariff Act of 1930, as amended, *supra*, and that, at the time of the entry involved herein, importations therefrom were not subject to duty. This view is supported by the provision in the Customs Simplification Act of 1954 (68 Stat. 1136) for the insertion of a new section (section 301) in the Tariff Act of 1930, providing, with certain exceptions as to articles, the growth, product, or manufacture of our insular possessions, that—

There shall be levied, collected, and paid upon all articles coming into the United States from any of its insular possessions, except Puerto Rico, the rates of duty which are required to be levied, collected, and paid upon like articles imported from foreign countries; * * *.

Since the within importation occurred in 1949, long prior to the effective date of the Customs Simplification Act of 1954, if it was an importation from Guam, it was not subject to duty. The regulation quoted, *supra*, is of the class promulgated by the Secretary of the Treasury under his general power to make regulations, and compliance is not a condition precedent to exemption from duty. *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351, and cases cited. In *Wm. H. Thornley* v. *United States*, 56 Treas. Dec. 855, Abstract 9906, it was held that coconuts actually the product of American territory (Tutuila) were not subject to duty and that the customs regulations did not have the effect of subjecting them to duty because of failure to produce the certificate of origin at the time of entry.

However, it was pointed out in the *Browne Vintners* case that, although the issue was not whether there was a compliance with the regulations, the importer had the burden of proving that there was, in fact, a nonimportation. Likewise, in the instant case, the importer has the burden of proving that the within merchandise is an importation from Guam.

Plaintiffs have apparently assumed that since the merchandise arrived here from Guam, it is not an importation from a foreign country. Defendant contends, however, that the merchandise may have been transshipped at Guam and have been actually imported from a place other than Guam, that is, a foreign country. It is well settled that an article shipped from one country through another, without entering the commerce of the latter, is an importation from the former. *United States* v. *United Cigar Stores Co.*, 1 Ct. Cust. Appls. 450, T. D. 31505; *United States* v. *F. W. Hagemann*, 39 C. C. P. A. (Customs) 182, C. A. D. 484.

Plaintiffs herein offered no evidence but rested their case on the statement of counsel, the entry, the invoice, and the collector's letter. It may be that counsel intended to offer the said documents in evidence, but he failed to do so. The rule is that where the papers in the official file are relied upon to prove the truth of matters recited therein, they must be placed in evidence for that purpose. *W. T. Grant Company* v. *United States*, 38 C. C. P. A. (Customs) 57, C. A. D. 440. It has been held that such papers may be considered as evidence where the parties by express stipulation submit the issue on the record. *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433. The colloquy quoted above does not amount to such an "express stipulation." However, counsel for the Government stated that the collector had advised her that the only reason for denying free entry was noncompliance with the regulations. It may be that it was intended to submit the case upon the official papers and that the only issue was to be the effect of the noncompliance with the regulations.

In view of the confused state of the record, we hold that the ends of justice will best be served by restoring the case to the next Los Angeles docket for further proof.

It is so ordered.