(C. D. 1968)

DULIEN STEEL PRODUCTS, INC., OF CALIF. W. J. BYRNES & CO., INC. } v. UNITED STATES

United States Customs Court, Third Division

(Decided February 18, 1958)

*Lawrence & Tuttle* (*George R. Tuttle, Sr., Charles F. Lawrence*, and *Frank L. Lawrence* of counsel), for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Mollie Strum, Joseph E. Weil*, and *William J. Vitale*, trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: This case is before us on rehearing, after having been restored to the calendar by order of the court. *Dulien Steel Products, Inc., of Calif. and W. J. Byrnes & Co., Inc. v. United States*, 35 Cust. Ct. 339, Abstract 59548.

The protest involves merchandise described as tractors, dump trailers, winches, hoists, booms, and metal shapers, identified as items GN–YDL, GN–329, 329X, 329X, 329, 329X, 329, 329, 329, 329–6, 329X, 329–76, 329, and 329X. It was assessed with duty at 15 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D.

51802, as machines, not specially provided for, and is claimed to be free of duty as an importation from Guam. The collector's report gives as the basis of his action the failure to produce a certificate of the chief customs officer of the port of shipment showing the merchandise to be the growth or product of Guam or an actual importation into the island, as required by section 7.8 of the Customs Regulations of 1943.

When the case was first before us, we held that Guam was not a foreign country within the meaning of section 1 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938; that, at the time of this entry, importations from Guam were not subject to duty; that compliance with section 7.8 of the Customs Regulations of 1943 was not a condition precedent to exemption from duty, but that the importer had the burden of proving that the merchandise was, in fact, an importation from Guam. Since the plaintiffs had submitted the case on a statement of counsel and had failed to offer in evidence the official papers, although they had been referred to, and the scope of concessions made by the Government was not clear, the case was restored to the calendar for further proof.

At the rehearing, the official papers relating to the entry involved herein were received in evidence. Anthony J. Schirmmer, acting deputy collector in charge of the liquidating division at Los Angeles, testified, on behalf of the defendant, that the papers did not indicate the country of origin of the merchandise.

The official papers include a sheet headed "INVOICE No. 1," "FROM GUAM." It has not been signed nor has it been certified by the collector of customs at Guam, according to section 482 (f) of the Tariff Act of 1930. Another paper, headed "INVOICE OF MERCHANDISE," dated Los Angeles, April 18, 1949, is signed by Dulien Steel Products, Inc., of California, by Louis Klatzker, assistant secretary. It states that equipment was purchased from the Central Bank of China of Guam for the sum of $9,064.50 and that, to the best of the knowledge and belief of the affiant, said price was the actual purchase price.

The re-re-amended consumption entry contains the words "WAR SURPLUS PROPERTY" and "Other Amer. Mfg. Returned from Guam." On a page attached to the original entry and on one attached to the amended entry, after a list including the items involved herein, are the words "Above loaded at Apra, Guam." An affidavit of Louis Klatzker, assistant secretary of the importer, on customs Form 3311, states that, to the best of his knowledge and belief, merchandise described as consisting of 69 units (including other items besides those before us) was of American manufacture and was shipped from the United States in 1941–45 to the Armed Services in the Pacific area.

Plaintiffs claim that there is no evidence indicating that the merchandise was shipped from any foreign country or that it was transshipped at Guam; that the documents are *prima facie* evidence of what they declare; that they are sufficient to form the basis for a finding that the merchandise constitutes war surplus shipped to the Armed Forces in the Pacific area and returned to this country from Guam; and that, therefore, the merchandise is exempt from duty.

Since the filing of a certificate pursuant to section 7.8 of the Customs Regulations of 1943 is not mandatory, plaintiffs may prove by competent evidence the facts required to entitle them to relief. *Otto Schmidt Wine Co.* v. *United States*, 2 Cust. Ct. 42, C. D. 83; *Olavarria & Co.* v. *United States*, 4 Cust. Ct. 225, C. D. 327. In this case, the burden is upon them to establish that the shipment was not an importation from a foreign country, but from Guam, and is, therefore, not subject to duty under the statutes then in effect. *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351. Taking the most favorable view of the evidence presented, we do not think it establishes more than that the merchandise was shipped from Guam. It does not show affirmatively that such merchandise, which was not the growth or product of Guam, had been imported into Guam and was a part of its commerce at the time it was sent to the United States. It is significant that, according to notations on the invoice and entry, a so-called "Guam cert." was filed as to two of the items on the invoice, but none was filed as to the items now before us. Assuming that this merchandise was shipped to the Armed Forces in the Pacific area, there is nothing to indicate that it was sent to or remained on Guam. Apparently, the various items were purchased by the importer from the Central Bank of China of Guam, but there is nothing to show where or how the bank acquired them or whether they were trade commodities of Guam when sold. No one who had any knowledge of the transaction was called upon to testify concerning it.

Plaintiffs also claim that shipment of merchandise from this country for use of the Armed Forces in wartime does not constitute an exportation and, therefore, the return of such goods is not a dutiable reimportation. This claim was not made in the protest and is not now properly before us. *Lloyd's Subagent* v. *United States*, 19 C. C. P. A. (Customs) 408, T. D. 45576. We note, however, that by the time this merchandise was purchased from the Central Bank of China, it had become the subject of trade, and, if taken out of the jurisdiction of the United States and introduced into the commerce of a foreign country, it had become an exportation, even if not originally such. *United States* v. *Coastwise Steamship & Barge Co.*, 9 Ct. Cust. Appls. 216, T. D. 38047.

For the reasons stated, the protest is overruled, and judgment will be rendered for the defendant.